IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James R. Rose, | ) | C/A No. 0:18-3315-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James R. Rose, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Rose's motion for a temporary restraining order. (ECF No. 29.) The defendant filed a response in opposition. (ECF No. 31.) Having carefully reviewed the motion and the pleadings in these cases, the court finds that Rose's motion should be denied.

**DISCUSSION**

Although captioned as a motion, Rose's filing is crafted in the form of a proposed order in which Rose appears to seek to restrain Defendant South Carolina Department of Corrections ("SCDC") as well as its officers, agents, employers, and other persons from forcing Rose to cut or shave his hair and facial hair.[1] Because the defendant has had notice of Rose's motion, the court is treating the motion as one under Rule 65(a) of the Federal Rules of Civil Procedure rather than Rule 65(b).

---

[1] Plaintiff claims in his Complaint that this violates his right to practice his Rastafarian religion.

Page 1 of 5



"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.



favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

Rose has failed to establish that he is likely to succeed on the merits. See Winter, 555 U.S. at 22. As the defendant points out, Rose's "motion" does not address the merits of his underlying claim at all. Additionally, his filing provides no argument as to why a shave and haircut would harm his alleged First Amendment rights or how it would be irreparable. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that courts are not required to "conjure up questions never squarely presented to them"); Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[J]udges are not . . . requested to construct a party's legal arguments for him."); see also Winter, 555 U.S. at 20-23. Furthermore, the public interest here appears to weigh against interfering with the administrative discretion of prison officials. Winter, 555 U.S. at 24 (emphasizing the importance of public interest); Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (noting that decisions by prison administrators have been accorded wide-ranging deference by the federal courts). Accordingly, based on the record currently before the court, Rose has not satisfied the required elements and has thus failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

---

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.



## RECOMMENDATION

Accordingly, the court recommends that Rose's motion be denied. (ECF No. 29.)

July 10, 2019  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).