UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose, ) | Civil Action No.: 0:18-cv-03315-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court for consideration of Plaintiff James Rose's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends denying Plaintiff's "Motion for Temporary Restraining Order."[1] *See* ECF Nos. 38 & 45.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging the South Carolina Department of Corrections ("Defendant") is interfering with the practice of his Rastafarian religion. He has filed a "Motion for Temporary Restraining Order" ("TRO") seeking to restrain Defendant from cutting or shaving his hair. *See* ECF No. 29. Defendant, which previously appeared in this action, has filed a response in opposition to Plaintiff's motion. *See* ECF No. 31. The Magistrate Judge—treating the motion as one seeking a preliminary injunction rather than a TRO—recommends denying Plaintiff's motion because he fails to satisfy the *Winter*[2] criteria for the issuance of a preliminary injunction. R & R at pp. 1–4.

Plaintiff's sole objection is that the Magistrate Judge erred by treating his motion as one for a preliminary injunction under Fed. R. Civ. P. 65(**a**); he asserts the Magistrate Judge should have treated it as one for a TRO under Fed. R. Civ. P. 65(**b**). *See* ECF No. 45. However, because Defendant received notice of Plaintiff's motion and had an opportunity to respond,[3] the Magistrate Judge properly

---

[2]   *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

[3]   Defendant had appeared and answered Plaintiff's complaint before Plaintiff even filed his instant motion. *See* ECF Nos. 13 & 19.

2

treated the motion as one for a preliminary injunction. *See, e.g.*, *Tobaccoville USA, Inc. v. U.S. Dep't of the Treasury*, No. 4:16-cv-00424-RBH, 2016 WL 892661, at *3 n.10 (D.S.C. Mar. 9, 2016) (treating the plaintiff's TRO motion as one for a preliminary injunction because the defendant had received notice and an opportunity to respond); *Mickell v. Reynolds*, No. 6:15-cv-04656-RBH, 2016 WL 3049358, at *2 n.3 (D.S.C. May 31, 2016) (same); *Reliable Prop. Servs., LLC v. Capital Growth Partners, LLC*, 1 F. Supp. 3d 961, 962 n.2 (D. Minn. 2014) (same).

In any event, the four *Winter* criteria apply equally to both TRO and preliminary injunction motions, *see Patel v. Moron*, 897 F. Supp. 2d 389, 395 (E.D.N.C. 2012), and the Court agrees with the Magistrate Judge that Plaintiff has failed to "establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Accordingly, the Court will overrule Plaintiff's objection and adopt the R & R.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 38] and **DENIES** Plaintiff's motion [ECF No. 29].

**IT IS SO ORDERED.**

Florence, South Carolina  
August 23, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge