IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Rose, | C/A No. 0:18-3315-RBH-PJG |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Department of Corrections, | |
| Defendant. | |

The plaintiff has filed this action, *pro se*, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named defendant. The defendant filed a motion for summary judgment on July 25, 2019, pursuant to the Federal Rules of Civil Procedure.[1] (ECF No. 41.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on July 26, 2019, advising the plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. (ECF No. 43.) The plaintiff was specifically advised that if he failed to respond adequately, the defendant's motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff has failed to respond to the motion. Instead, the plaintiff filed a motion to amend the caption of his Complaint and submitted a proposed caption listing two individual defendants. (ECF No. 52-3.) The defendant filed a response in opposition. (ECF No. 57.)

---

[1] Three days prior, the plaintiff filed his own motion for summary judgment on July 22, 2019 to which the defendant filed a response in opposition. (ECF Nos. 40 & 53.)



As argued by the defendant, the plaintiff's motion is untimely pursuant to the Scheduling Order in this case, the plaintiff has offered no cause to extend the expired deadlines, and this matter is now at the summary judgment stage. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Additionally, the defendant points out that the plaintiff has failed to provide a complete proposed amended complaint or otherwise specify any claims against the defendants he attempts to add, and has therefore failed to comply with Rules 8(a)(2) and 15(a)(2) of the Federal Rules of Civil Procedure. Accordingly, for these reasons, it is

**ORDERED** that the plaintiff's motion to amend is denied. (ECF No. 52.) It is further

**ORDERED** that the plaintiff shall file a response to the defendant's motion for summary judgment within fourteen (14) days from the date of this order. Plaintiff is further advised that if he fails to respond, **this action may be decided on the record presented or may be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2019
Columbia, South Carolina