UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose, ) | Civil Action No.: 0:18-cv-03315-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff James R. Rose, a state prisoner proceeding pro se, filed this action alleging the South Carolina Department of Corrections ("Defendant") is preventing him from practicing Rastafarianism by not allowing him to grow dreadlocks and use marijuana. The matter is before the Court for consideration of Defendant's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment.[1] *See* ECF Nos. 69 & 71.

## Legal Standards

### I. Review of the R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### Discussion

Plaintiff filed his complaint in this federal Court, alleging Defendant is violating his rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000[2] ("RLUIPA") by not allowing him to grow dreadlocks and use marijuana as part of his Rastafarian religion. *See* ECF No. 1. Plaintiff and Defendant have filed cross-motions for

---

[2] 42 U.S.C. §§ 2000cc through 2000cc–5.

3

summary judgment. *See* ECF Nos. 40 & 41. The Magistrate Judge recommends denying Plaintiff's motion and granting Defendant's motion. *See* R & R [ECF No. 69]. Defendant has filed objections to the R & R. *See* ECF No. 71.[3]

In the R & R, the Magistrate Judge addresses Plaintiff's two claims—(1) a First Amendment claim under 42 U.S.C. § 1983 and (2) a RLUIPA claim—for which he seeks monetary damages and injunctive relief.[4] *See* R & R at pp. 1, 15. The Magistrate Judge first concludes that (1) the Eleventh Amendment bars Plaintiff's damages claims but not his injunctive claims,[5] (2) Defendant is not a "person" amenable to suit under § 1983, (3) Plaintiff failed to exhaust his administrative remedies as to his marijuana-use claim,[6] and (4) Plaintiff's only remaining claims are that Defendant's grooming

---

[3] Plaintiff has not filed objections to the R & R or a response to Defendant's objections.

[4] The Magistrate Judge notes that Plaintiff attempts to raise two additional claims in his motion for summary judgment (an Eighth Amendment excessive force claim and a Fourteenth Amendment equal protection claim). *See* R & R at p. 15. The Magistrate Judge concluded neither claim is properly before the Court, *id.* at pp. 15–16, and Plaintiff has not objected.

[5] Notably, the Magistrate Judge concludes that "Plaintiff's claim for injunctive relief is not necessarily barred by the Eleventh Amendment." *Id.* at p. 4 (citing *Ex Parte Young*, 209 U.S. 123 (1908), which permits suits for prospective injunctive relief against state officials acting in violation of federal law)). However, as Defendant points out, the *Ex Parte Young* exception to the Eleventh Amendment does not apply because Plaintiff's complaint does not name as defendants any officials of the State of South Carolina. *See, e.g.*, *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012) (noting the *Ex Parte Young* exception is "inapplicable here, because the complaint does not name as defendants any officials of the State of Maryland").

[6] The Magistrate Judge concludes that "review from the South Carolina Administrative Law Court ('ALC') is generally part of the available administrative remedies an inmate must exhaust." R & R at p. 6. The Court notes it reached the opposite conclusion in *King v. McPherson*, No. 0:15-CV-2358-RBH, 2017 WL 490111, at *4 (D.S.C. Feb. 6, 2017) (holding the plaintiff did *not* need to appeal to the ALC to exhaust his administrative remedies under the Prison Litigation Reform Act (collecting cases)), *aff'd*, 690 F. App'x 123 (4th Cir. 2017). However, Plaintiff has not objected, and the Magistrate Judge's conclusion is not clearly erroneous, *see Diamond*, 416 F.3d at 315 (stating a district court need only review for clear error absent a timely filed objection), because other judges in this district have determined appeal to the ALC *is* necessary for exhaustion. *See, e.g.*, *McFadden v. Westley*, No. 0:12-cv-02392-JMC, 2014 WL 4104714, at *2, 5 (D.S.C. Aug. 19, 2014) ("[T]he Administrative Law Court is part of the available administrative remedies that an inmate must exhaust."), *aff'd*, 590 F. App'x 285 (4th Cir. 2015); *Maradiaga v. Bethea*, No. 4:08-cv-00226-PMD, 2009 WL 2829900, at *3 (D.S.C. Sept. 1, 2009) (same), *aff'd*, 363 F. App'x 987 (4th Cir. 2010). In any event, Plaintiff failed to exhaust his administrative remedies as to his marijuana-use claim because he did not file *any* prison grievances concerning marijuana.

policy violates RLUIPA and the First Amendment, for which Plaintiff seeks injunctive relief. *Id.* at pp. 3–7. The Magistrate Judge then addresses *both* the RLUIPA claim *and* the § 1983 First Amendment claim (relating to Defendant's grooming policy) *on the merits*. *See id.* at pp. 7–15.

Defendant's objections only concern Plaintiff's § 1983 First Amendment claim. *See* ECF No. 71. Defendant argues injunctive or prospective relief is not available under § 1983 because (1) it is not a "person" within the meaning of § 1983 and (2) the Eleventh Amendment bars all relief for this claim. *Id.* at p. 2. The Court will begin and end with Defendant's first argument.[7]

"Section 1983 provides that '[e]very person,' who, under color of state law causes the violation of another's federal rights shall be liable to the party injured by his conduct." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402 (4th Cir. 2014) (quoting 42 U.S.C. § 1983). "Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) *by a person*; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997) (en banc) (emphasis added).

---

[7] "[T]he scope of the Eleventh Amendment and the scope of § 1983 are . . . separate issues." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). However, when "the defendant asserts *both* that the federal statute at issue does not permit a suit against the State *and* if not, that Eleventh Amendment immunity bars the suit"—as Defendant does here—"not only is the statutory question logically antecedent to the existence of the Eleventh Amendment question, but also . . . is virtually identical to the Eleventh Amendment question[.]" *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005); *see Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000) ("The ultimate issue in the statutory inquiry is whether States can be sued under this statute; and the ultimate issue in the Eleventh Amendment inquiry is whether unconsenting States can be sued under this statute."); *Strawser v. Atkins*, 290 F.3d 720, 729–30 (4th Cir. 2002) (applying *Vermont Agency* and deciding a statutory question without reaching the Eleventh Amendment question).

The Magistrate Judge addressed the Eleventh Amendment question *before* addressing the § 1983 statutory question, *see* R & R at pp. 3–5, but it is "appropriate[] to decide the statutory issue first." *Vermont Agency*, 529 U.S. at 780; *see Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 187–88 (4th Cir. 2019) (discussing *Vermont Agency*); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (recognizing "the sequence ordained by *Vermont Agency*"); *Samuel v. Hogan*, 2018 WL 1243548, at *4 n.8 (D. Md. Mar. 9, 2018) ("It is not unusual for both defenses [i.e., a § 1983-'person' defense and an Eleventh Amendment immunity defense] to be raised in a single suit, but when they are, this creates a 'chicken-or-the-egg situation for the court—which defense should be addressed first. Because a determination that a defendant is not a 'person' for § 1983 purposes ends the inquiry, the Supreme Court has instructed that compliance with the 'person' requirement of § 1983 must be analyzed first." (citing *Vermont Agency*)).

5

Neither a State nor its agencies are "persons" within the meaning of § 1983. *Will*, 491 U.S. at 64, 70–71; *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990). Consequently, "§ 1983 actions do not lie against a State," and "§ 1983 creates *no* remedy against a State." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (emphasis added). The South Carolina Department of Corrections is an agency of the State of South Carolina. *See* S.C. Code Ann. § 24–1–30 (2007). Thus, Defendant is not a "person" within the meaning of § 1983, and Plaintiff cannot obtain any relief (injunctive or otherwise) against Defendant under § 1983. The Court will dismiss Plaintiff's § 1983 First Amendment claim in its entirety with prejudice for failure to state a claim. *See, e.g.*, *Louis v. Spotsylvania Cty.*, 2017 WL 8786969, at *1 (E.D. Va. Nov. 30, 2017) (dismissing the plaintiff's § 1983 claim against the Commonwealth of Virginia "with prejudice for failure to state a claim upon which relief can be granted" because Virginia was not a "person" under § 1983), *aff'd*, 719 F. App'x 283 (4th Cir. 2018).[8]

Finally, the Court will modify the R & R to reflect the correct disposition of Plaintiff's RLUIPA claim. The Court will dismiss *without* prejudice the portion of Plaintiff's RLUIPA claim seeking damages, as the Eleventh Amendment bars such damages.[9] *See Hong Tang*, 782 F. App'x at 255 ("[A]

---

[8] The Court need not address Defendant's Eleventh Amendment argument, as indicated in Footnote Seven and explained in the *Vermont Agency* line of cases. Nevertheless, the Court notes Defendant is correct that the Eleventh Amendment bars Plaintiff's § 1983 First Amendment claim, "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Defendant is thus entitled to summary judgment on both § 1983-personhood and Eleventh Amendment grounds. However, the Court is not dismissing Plaintiff's § 1983 claim on Eleventh Amendment grounds, as doing so would require a dismissal *without* prejudice. *See Hong Tang v. Univ. of Baltimore*, 782 F. App'x 254, 255 (4th Cir. 2019) ("[A] dismissal based upon Eleventh Amendment immunity would be without prejudice. However, dismissal for failure to state a claim . . . would be with prejudice." (internal citations omitted)).

[9] *See Madison v. Virginia*, 474 F.3d 118, 123, 131–33 (4th Cir. 2006) ("[T]he Eleventh Amendment bars plaintiff's [RLUIPA] damages claim against the State."); *Allen v. S.C. Dep't of Corr.*, No. 3:10-cv-00939-HMH-JRM, 2011 WL 2193289, at *2 (D.S.C. May 12, 2011) (same), *R & R adopted by*, 2011 WL 2183623 (D.S.C. June 6, 2011). *See also Sossamon v. Texas*, 563 U.S. 277, 293 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA

dismissal based upon Eleventh Amendment immunity would be without prejudice."). The Court will also dismiss *without* prejudice the portion of Plaintiff's RLUIPA claim seeking injunctive relief regarding marijuana use, as this claim was not administratively exhausted. *See, e.g.*, *McClary v. Butler*, 773 F. App'x 148, 149 (4th Cir. 2019) (affirming the district court's grant of summary judgment and dismissal without prejudice of the plaintiff's complaint for failure to exhaust administrative remedies). The Court will dismiss *with* prejudice the portion of Plaintiff's RLUIPA claim seeking injunctive relief regarding Defendant's grooming policy, which the Magistrate Judge properly addressed on the merits.[10]

## Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's R & R [ECF No. 69], **DENIES** Plaintiff's motion for summary judgment [ECF No. 40], and **GRANTS** Defendant's motion for summary judgment [ECF No. 41]. The Court **DISMISSES** Plaintiff's § 1983 First Amendment claim in its entirety *with prejudice*, **DISMISSES** the portion of his RLUIPA claim seeking damages *without prejudice*, **DISMISSES** the portion of his RLUIPA claim seeking injunctive relief regarding marijuana use *without prejudice*, and **DISMISSES** the portion of his RLUIPA claim seeking injunctive relief regarding Defendant's grooming policy *with prejudice*. The Court **DIRECTS** the Clerk to enter judgment and close this case.

**IT IS SO ORDERED.**

Florence, South Carolina  
January 21, 2020

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

because no statute expressly and unequivocally includes such a waiver.").

[10] *See Madison*, 474 F.3d at 130–31 (holding the Eleventh Amendment does not bar claims for equitable relief when a state has voluntarily accepted federal correctional funds); *see also Cutter v. Wilkinson*, 544 U.S. 709, 716 n.4 (2005) ("Every State . . . accepts federal funding for its prisons.").